UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)                                    CIVIL ACTION

VERSUS

MAJOR FRANKLIN, ET AL.                                    NO. 07-0566-BAJ-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 25th day of August, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH STEWART (#98926)                                CIVIL ACTION

VERSUS

MAJOR FRANKLIN, ET AL.                                NO. 07-0566-BAJ-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 46 and 55.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Major Linden Franklin, Major Joseph Hooker, Lt. Cindy Vannoy, Secretary Richard L. Stalder and Warden N. Burl Cain, complaining that his constitutional rights were violated on July 14, 2006,[1] when he was subjected to excessive force by defendants Franklin and Hooker, and when his legal mail was improperly delivered on several occasions. Pursuant to earlier Report and Recommendation dated October 14, 2008, approved by the District Judge on November 10, 2009, see rec.doc.nos. 24 and 26, the Court has dismissed the plaintiff's claims against defendants Richard Stalder, Burl Cain, and Cindy Vannoy, dismissed the plaintiff's claim regarding interference with his legal mail, and dismissed the plaintiff's claim against the remaining defendants in their official capacities.

The plaintiff now moves for summary judgment, relying upon the pleadings, four Unusual Occurrence Reports dated July 14, 2006 (prepared by Sgt. Jerry Credit, Sgt. Melissa Mealey, and defendants Linden Franklin and Joseph Hooker), excerpts from the plaintiff's medical records and

---

[1] Although the plaintiff's Complaint refers to the complained-of incident of excessive force as having occurred on July 10, 2006, it appears clear from documentation in the record that the event actually occurred on July 14, 2006. Accordingly, the Court will utilize the latter date in addressing the plaintiff's claims.

those of co-inmate Chris Sanders, excerpts from the plaintiff's administrative remedy proceedings, an investigative report dated July 15, 2006 (prepared by Col. Kenneth Norris), two Ambulance Run Reports dated July 14, 2006, the defendants' responses to discovery, photographs taken of the plaintiff, of co-inmate Chris Sanders, and of the area where the two inmates were involved in a fistfight on July 14, 2006, and the affidavits of himself and co-inmate Chris Sanders.

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, the disciplinary report dated July 14, 2006 (charging the plaintiff with fighting), the four Unusual Occurrence Reports dated July 14, 2006, (prepared by Sgt. Jerry Credit, Sgt. Melissa Mealey, and defendants Linden Franklin and Joseph Hooker), the investigative report dated July 15, 2006 (prepared by Col. Kenneth Norris), excerpts from the plaintiff's administrative remedy proceedings, excerpts from the plaintiff's medical records and those of co-inmate Chris Sanders, the two Ambulance Run Reports dated July 14, 2006, the photographs taken of the plaintiff, co-inmate Chris Sanders, and the area where these two inmate were involved in a fistfight, and the affidavits of Col. Kenneth Norris, Sgt. Melissa Mealey, Dr. Jonathan Roundtree, and defendants Linden Franklin and Joseph Hooker.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on July 14, 2006, he was involved in a fistfight with co-inmate Chris Sanders. After the fight was broken up, he was handcuffed behind his back by defendant Franklin and escorted to administrative segregation. While en route, defendant Franklin allegedly kicked the plaintiff's legs out from under him, then pulled the plaintiff up by the handcuffs and pulled the plaintiff backwards down the walk. Thereafter, upon arrival at administrative

segregation, defendant Franklin allegedly slung the plaintiff against the wall and, when the plaintiff fell to the ground, defendants Franklin and Hooker punched and kicked the plaintiff until he was unconscious.

In countervailing response to the plaintiff's allegations, the defendants assert that on the afternoon of the referenced date, the plaintiff and co-inmate Chris Sanders were observed engaged in a fistfight. After the fight was broken up by Sgt. Jerry Credit (not named as a defendant herein), defendant Franklin arrived at the scene and took control of the situation. Upon noticing that co-inmate Sanders was bleeding from the head, defendant Franklin called for an ambulance to attend to the co-inmate. Inasmuch as the plaintiff allegedly did not appear to be injured, defendant Franklin conducted a search of the plaintiff, placed him in restraints, and escorted him to administrative segregation. Upon arrival at administrative segregation, defendant Franklin then allegedly passed control of the plaintiff to defendant Linden Hooker and left the area to see about another inmate. As the plaintiff and defendant Hooker were then entering the administrative segregation building lobby, the plaintiff reportedly collapsed in an unconscious state. Defendant Hooker reports that he then observed a small laceration on the plaintiff's head and called for an ambulance to evaluate and/or treat the plaintiff. According to the defendants, no force whatever was utilized by them against the plaintiff on that date.

Addressing first the defendants' motion for summary judgment, rec.doc.no. 55, they assert that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court

stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[2]

Undertaking the qualified immunity analysis, the Court concludes that there are disputed questions of fact in this case which preclude the grant of summary judgment in favor of the defendants.

Under the United States Constitution, force is excessive and violates the Eighth Amendment if applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action. The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra.

Applying the above standard, the Court finds that, although the issue is a close one, there are disputed questions of material fact which preclude the grant of summary judgment in this case. The plaintiff asserts, in a statement given under penalty of perjury, that after he was placed in handcuffs and although he was offering no resistance whatever, defendant Franklin pulled the plaintiff backwards down the walk by his handcuffs and, upon arrival at administrative segregation, slung the plaintiff against the wall and then joined with defendant Hooker in punching and kicking the plaintiff until the plaintiff lost consciousness. When the plaintiff was thereafter escorted to the infirmary by ambulance, he exhibited a 1½ inch laceration to his scalp which required three (3) staples, and he also exhibited "numerous other bruises." Although the defendants assert that the plaintiff's injuries were the result of the fistfight with the co-inmate, the plaintiff has provided a statement from the offending co-inmate, given under penalty of perjury, that the co-inmate never succeeded in landing a blow to the plaintiff. While this statement may be questionable in light of the written report and affidavit of at least one security officer which attest that both of the inmates were hitting each other, the sworn assertion of defendant Franklin is perhaps questionable in asserting that, after the fight, he did not believe that the plaintiff was injured, notwithstanding that the defendant searched the plaintiff prior to escorting him to administrative segregation, and notwithstanding that the plaintiff supposedly had a 1½ inch laceration to his scalp and "numerous" bruises at that time. Although an Investigative Services Report undertaken by Col. Kenneth Norris reflects (1) that the plaintiff made no complaint to either Col. Norris or to any medical personnel regarding having been beaten and kicked by defendants Franklin and Hooker, and (2) that the plaintiff reportedly stated to Col. Norris that the injury to his scalp resulted when he slipped and hit his head on a steel handrail, the plaintiff asserts in his sworn statement that he never made this

latter statement to Col. Norris. In short, although the plaintiff may well have obtained the reported injuries during his fight with the co-inmate, the sworn assertions which he has presented to the contrary – that the defendants beat and kicked him into unconsciousness – create an issue of fact which is not susceptible of determination on summary judgment. Although summary judgment can be appropriate in a case where a plaintiff's "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in [his] favor", Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994), citing Armstrong v. Dallas, 997 F.2d 62 (5th Cir. 1993), as where a rational trier of fact could not find in favor of the plaintiff on the evidence presented, this case does not present such a situation.

Finally, the defendants assert that the plaintiff's injuries were minimal and that he sought no further medical attention after the date of the incident. In this regard, a recent decision of the United States Supreme Court makes clear that it is not the degree of injury which determines the viability of a claim of excessive force, but whether the force was "applied maliciously and sadistically to cause harm", thereby offending "contemporary standards of decency". Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, ___ L.Ed.2d ___ (2010), citing Hudson v. McMillian, supra. Further, "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and "may also provide some indication of the amount of force applied". Id. In the instant case, the plaintiff's claimed loss of consciousness, the 1½ inch laceration to his scalp, and the "numerous" objectively apparent bruises, if proved to have resulted from the alleged use of force by defendants Franklin and Hooker, are sufficient to establish a claim of excessive force under the Eighth Amendment, particularly since no defendant has suggested that the plaintiff was resisting or providing any other provocation for such use of force. On this showing, therefore, and based on the standard set forth in Wilkins v. Gaddy case, supra, the Court finds that there are disputed issues of material fact which preclude the grant of summary judgment herein.

Turning to the plaintiff's motion for summary judgment, rec.doc.no. 46, the Court notes that this motion consists principally of conclusory statements made in contradiction of the defendants' factual assertions. The plaintiff's motion, therefore, does not independently support a grant of summary judgment in his favor in connection with his claims. Accordingly, the plaintiff's motion for summary judgment should also be denied.

## RECOMMENDATION

It is recommended that the parties' cross-motions for summary judgment, rec.doc.nos. 46 and 55, be denied, and that this matter be referred back for further proceedings in connection with the plaintiff's claim of excessive force under the Eighth Amendment against defendants Franklin and Hooker in their individual capacities.

Baton Rouge, Louisiana, this ____25th____ day of August, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE